**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| TIMOTHY EARL PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-159 |
| | ) | |
| DEPARTMENT OF THE ARMY | ) | |
| UNITED STATES CORPS OF | ) | |
| ENGINEERS SAVANNAH | ) | |
| DISTRICT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

*Pro se* plaintiff Timothy Earl Patrick has filed a Complaint alleging that a contract with the United States was improperly terminated. *See generally* doc. 1. Although he originally requested leave to proceed *in forma pauperis*, *see* docs. 2 & 6, he has now paid the filing fee, docket entry dated July 17, 2026. After he paid the fee, the Court directed him to present summonses or indicate his intent to utilize the Federal Rules' waiver provisions. *See* doc. 8. He has now requested, and the Clerk has issued, a summons directed to two of the named defendants. Doc. 10. *Cf. Cadet v. Edward*, 2024 WL 1808628, at *1 n. 2 (S.D. Ga. Apr. 25, 2024) (acknowledging that a single summons may be directed to multiple

1

defendants).  That submission is sufficient to comply with the Court's prior Order.  *See* doc. 8.  In addition to receiving the summons, Patrick has also filed a Motion requesting that the Court direct the United States Marshal to serve his pleadings.  Doc. 9.  For the reasons explained below, that Motion is **DENIED**.  *Id.*

The Federal Rules of Civil Procedure provide that, in general, "[t]he plaintiff is responsible for having the summons and complaint served . . . ."  Fed. R. Civ. P. 4(c)(1).  The Court may "order that service be made by the United States marshal or deputy marshal . . . ," in an appropriate case.  Fed. R. Civ. P. 4(c)(3); *see also Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003) ("If the plaintiff is not proceeding *in forma pauperis* or as a seaman, the decision [to direct marshal service] falls within the discretion of the court.").  "In exercising [their] discretion, courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'"  *Id.* (quoting *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir 1987)).  Even where marshal service is ordered, the service is not free.  *See* 28 U.S.C. § 1921(a)(1)(A); *see also, e.g., Sharabati v. Sharabati*, 2015 WL 5937031, at *3 (N.D. Miss. Oct. 13,

2015) ("[S]ervice of process by the Marshals Service is not free.").  The fee schedule is set by regulation.  *See* 28 C.F.R. § 0.114(a)(3).  The fee for service is payable, in whole or in part, in advance of any attempt to serve.  *See* 28 U.S.C. § 1921(d); *Demayo v. Reedys All Serv., Inc.*, 2013 WL 1663872, at *1 n. 2 (M.D. Fla. Apr. 17, 2013)).

Plaintiff's Motion provides no explanation for his need for marshal service.  He states only that he has attempted to notify defendants "by various communications," of the existence of the lawsuit, without response.  Doc. 9 at 1.  Since the summons was issued contemporaneously with the Motion, *compare* doc. 9, *with* doc. 10, any notice provided could not constitute effective service, *see* Fed. R. Civ. P. 4(c)(1).  Any defendant's failure to respond to informal notification of a lawsuit is not discernably relevant.  In the absence of any discernable reason why Plaintiff is unable to discharge the duty to effect service, as imposed by

the Federal Rules, the Court declines to authorize marshal service. Plaintiff's Motion is, therefore, **DENIED**.  Doc. 9

Additionally, nothing in this Order extends the deadline for service set forth in Federal Rule of Civil Procedure 4(m).

**SO ORDERED,** this 31st day of July, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA